**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-51181
Summary Calendar

_____

GUSTAVO PACHECO,

Plaintiff-Appellant,

versus

WHITE CONSOLIDATED INDUSTRIES, INC., doing business as
The Eureka Company,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(EP-98-CV-27-DB)

June 22, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Gustavo Pacheco ("Pacheco"), worked for White Consolidated Industries,

Inc. d/b/a The Eureka Company ("Eureka"). Eureka fired Pacheco for allegedly (1) failing to "swipe"

in and out on the time clock when he took a work break, and (2) falsifying his timekeeping records.

As a result of his discharge, Pacheco filed suit in federal court alleging that Eureka had violated the

Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

Eureka filed a motion for summary judgment. The district court granted this motion, and Pacheco

timely appealed.

On appeal, Pacheco argues that the district court erred in granting Eureka's motion for

summary judgment. According to Pacheco, sufficient evidence existed in the record for a rational

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fact-finder to conclude that Eureka's asserted reason for firing Pacheco was pretextual, and that age was the real reason for Pacheco's discharge. Pacheco also contends that the district court erroneously considered defective affidavits as competent summary judgment evidence.

We review the district court's grant of summary judgment *de novo*, applying the standards set forth in FED. R. CIV. P. 56(c). *See Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997). Rule 56(c) requires entry of summary judgment against a party if that party has failed to make an evidentiary showing sufficient to establish an essential element of its case. *See id.* In the context of an ADEA claim, a plaintiff "can avoid summary judgment and judgment as a matter of law [only] if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that age was a determinative factor in the action of which plaintiff complains." *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996) (en banc).

Pacheco argues that Eureka's asserted reason for firing him was pretextual. According, to Pacheco, although he failed to "swipe" in and out on the time clock when he took a work break, and although he did not properly record his time, it was not customary for workers to follow these procedures. We simply note that Eureka's Company Handbook and policies required Pacheco to "swipe" in and out, and to keep accurate timekeeping records. The record contains no evidence that anyone at Eureka authorized Pacheco to disregard company rules, or that Eureka treated Pacheco differently from other employees under similar circumstances. Accordingly, the district court properly found that Pacheco failed to provide evidence sufficient to establish that his violation of Eureka's timekeeping procedures was a pretext for his discharge.

Pacheco also argues that age discrimination was the real reason for his discharge. He points to certain age related comments made by his supervisor and other instances of conduct as evidence that "Eureka was out to get rid of the older workers and replace them with younger ones." We note that stray remarks are insufficient to demonstrate age discrimination. *See EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996). Moreoveor, there is no evidence in the record

that Pacheco's supervisor had authority to fire Pacheco.  There is also no evidence in the record showing that Eureka relied on the supervisor in making its decision to discharge Pacheco.  After reviewing the record, we agree with the district court that Pacheco failed to provide evidence sufficient to establish that age discrimination was the real reason for his discharge.

Finally, Pacheco argues that the district court erroneously considered defective affidavits as competent summary judgment evidence.  We have examined the affidavits, and conclude that Pacheco's argument lacks merit.

Accordingly, we AFFIRM.